# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE VEGA, | CASE NO. 1:09-cv-00735-SMS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 22) |

Pursuant to F.R.Civ.P. 59(e), Plaintiff Jesse Vega moves to alter or amend this Court's order affirming the Commissioner's Denial of Benefits. Plaintiff contends, for the first time in this action, that, because he is 57 years old and can speak, but cannot read or write, English, he is entitled to disability benefits as a matter of law. This Court disagrees and denies Plaintiff's motion for reconsideration.

Rule 59(e) provides that a party may move to alter or amend a judgment no later than 28 days after entry of judgment. Granting or denying a party's motion for reconsideration is a matter of the Court's discretion. *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999). The remedy is extraordinary, intended to be used sparingly "in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), *quoting* 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.30[4] (3d ed. 2000). "A motion for

reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners*, 179 F.3d at 665. "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises*, 229 F.3d at 890. Because Plaintiff failed to raise this argument before the Commissioner and the District Court, his motion is procedurally barred.

Even if this Court could entertain Plaintiff's motion, the error that Plaintiff contends the Court made in its judgment is not a manifest error of law requiring reconsideration. *See Turner*, 338 F.3d at 1063 (stating that a Rule 59(e) motion may be granted, among other instances, when "necessary to correct *manifest errors of law or fact upon which the judgment is based*"). According to the "grids," an individual of advanced age (55 or more years old), with a high school education, whose previous work experience is unskilled or nonexistent, is presumed not to be disabled. Pt. 404, Subpt. P., App. 2, § 203.14. Although the regulations permit a claimant to present evidence to refute the presumption set forth in the "grids" (Pt. 404, Subpt. P., App. 2, § 200.00(a)), Plaintiff presented no evidence to refute the rule or argue that it did not apply.

Instead, for the first time in this motion, Plaintiff argues that the presumption did not apply to him since he had no past work and his inability to read or write in English rendered him illiterate. No manifest injustice is apparent. First, neither the ALJ nor this Court found that Plaintiff had no past work. To the contrary, Plaintiff was gainfully employed prior to his incarceration. Following his release in or about 1991, Plaintiff did not return to work, instead pursuing repeated applications for supplemental security disability payments based on a variety of claimed ailments, although for much of the time, he remained able to perform his own yard work and pursue a hobby refinishing furniture. Having elected to live with his family and to rely on government assistance following his release from prison, by 2008, Plaintiff had no recent work to which he could return. Second, Plaintiff never contended that he was illiterate, had completed high school, and despite his inability to read or write English, spoke English and had been able to function satisfactorily in his prior employment.

1  Plaintiff's motion to alter or amend the judgment and order affirming the Commissioner's
2  denial of disability benefits is hereby DENIED.

4  IT IS SO ORDERED.

5  Dated:   January 5, 2011                        /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE